UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MATTHEW LAROCHE, on behalf of himself and all other
persons similarly situated,

                        Plaintiff,                                    **COMPLAINT**

    -against-

HUNTINGTON POWER EQUIPMENT, INC.,

                                                                *Class Action Lawsuit*
                      Defendants.                              *Jury Trial Demanded*
------------------------------------------------------------------------X

       Plaintiff, Matthew LaRoche ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, Huntington Power Equipment, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked as generator field service technicians in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages pursuant to New York Labor Law § 198(1-a) for violations of New York Labor Law § 191 and § 195(1). Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to New York Labor Law § 198.

       2.     Upon information and belief, Defendant is a distributor of generators and provides installation, maintenance and repair of generators for residential and commercial customers throughout the New York metropolitan area.

       3.     At all relevant times, Defendant compensated Plaintiff and all other hourly-paid employees who worked as field service technicians in the State of New York on a bi-weekly basis in violation of New York Labor Law, Article 6, §§ 191.

4. Defendants failed to properly pay Plaintiff and other former and current employees who have worked as hourly-paid field technicians in the State of New York their wages within seven calendar days after the end of the week in which these wages were earned. Thus, Defendants failed to provide timely wages to Plaintiff and all other persons similarly situated.

5. Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 191, 195.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

7. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. Plaintiff is a resident of the State of New York.

9. At all times relevant, Plaintiff was an "employee" within the meaning of New York Labor Law § 190(2) and a "manual worker" within the meaning of New York Labor Law § 190(4).

10. Defendant is a Connecticut corporation with corporate headquarters located at 230 Long Hill Cross Road, Shelton, Connecticut 06484.

**FACTUAL ALLEGATIONS**

11. Plaintiff was employed by Defendant as an hourly-paid field service technician in the State of New York from in or about September 2019 to December, 2021.

12. Plaintiff's primary job duties involved performing preventive maintenance and major repairs on diesel and gaseous-fueled generator sets ranging in size from 8 to 2000 kilowatts, performance of which required prolonged driving, the ability to work on feet for up to 8 hours a day and carry loads up to 80 pounds safely, bending, pulling, climbing and reaching. Plaintiff spent more than twenty-five percent of his hours worked each week performing manual tasks.

13. Defendant failed to pay Plaintiff and similarly situated persons who have worked as hourly-paid field service technicians in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191. Instead, Defendant paid Plaintiff and similarly situated persons who have worked as hourly-paid field service technicians in the State of New York on a bi-weekly basis pursuant to a company-wide payroll policy in violation of New York Labor Law § 191.

14. Upon information and belief, Defendant failed to provide Plaintiff and similarly situated persons who have worked as hourly-paid field service technicians in the State of New York with notice of their wage rate and the basis of pay upon their hire as required by New York Labor Law § 195(1).

**RULE 23 CLASS ACTION ALLEGATIONS**
**NEW YORK STATE LABOR LAW**

15. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by Defendant as hourly-paid field service technicians in the State of New York at any

time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

16.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  Upon information and belief, there are more than 50 Class Members who have worked for Defendant as hourly-paid field service technicians in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

17.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over 50 individuals who are currently, or have been, employed by Defendants as hourly-paid field service technicians at any time in the State of New York during the six (6) years prior to the filing of the initial Complaint.

18.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendants paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law section 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

19. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

20. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

23. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of

these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendants. Moreover, the issues in this action can be decided by means of common, class-wide proof.

24. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

25. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

26. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**FREQUENCY OF PAYMENT VIOLATION**

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

29. Defendants were required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

30. Defendants failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly in violation of New York Labor Law § 191.

31. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
## WAGE STATEMENT VIOLATION

32. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendants failed to provide Plaintiff and Class Members a notice at the time of hire that states their regular hourly wage rate, overtime rate of pay, basis of pay, and other information required by NYLL § 195(1).

34. Defendants are liable to Plaintiff and Class Members for statutory damages pursuant to NYLL § 198.

## JURY TRIAL DEMANDED

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

    (iv.)    Damages pursuant to NYLL § 198;

    (v.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

    (vi.)    Pre-judgment and post-judgment interest as permitted by law; and

    (vii.)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       December 29, 2021

                          LAW OFFICE OF PETER A. ROMERO PLLC

                By:    */s Peter A. Romero*
                          _____
                          Peter A. Romero, Esq.
                          490 Wheeler Road, Suite 250
                          Hauppauge, New York 11788
                          Tel. (631) 257-5588
                          promero@romerolawny.com

                          *Attorneys for Plaintiff*